1 | R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
2 | Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
3 | Francis Z. Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
4 | TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
5 | Beverly Hills, CA  90212
Telephone:   310-777-8399
6 | Facsimile:    310-777-8348

7 | Attorneys for Plaintiffs,
Capbran Holdings, LLC and
8 | NutriBullet, LLC

9

10

11

12 | **UNITED STATES DISTRICT COURT**

13 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15 | CAPBRAN HOLDINGS, LLC, a
California LLC; and NUTRIBULLET,
16 | LLC, a California LLC,

|  CASE NO.

|  **COMPLAINT FOR DECLARATORY JUDGMENT OF:**

17 |      Plaintiffs,

|  **(1) NO OWNERSHIP OF TRADE DRESS;**

18

19 |   v.

|  **(2) NO INFRINGEMENT OF TRADE DRESS;**

20 | GLANBIA PLC, an Ireland PLC;
GLANBIA NUTRITIONALS
21 | (IRELAND) LIMITED, an Ireland
LC; GLANBIA PERFORMANCE
22 | NUTRITION LIMITED, an Ireland
LLC; and GLANBIA
23 | PERFORMANCE NUTRITION
(NA), INC., a Florida Corporation,

|  **(3) NO VIOLATION OF UNFAIR COMPETITION UNDER THE LANHAM ACT; AND,**
**(4) NO VIOLATION OF UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200;**

24

25

26 |      Defendants.

|  **AND DEMAND FOR JURY TRIAL**

27

28

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Capbran Holdings, LLC and NutriBullet, LLC (hereinafter, "Capbran" or "Plaintiffs") hereby complain and allege as follows.

## I.  PARTIES:

1.     Capbran Holdings, LLC is a limited liability company organized and existing under the laws of the state of California, having its principal place of business at 11601 Wilshire Boulevard, Suite 2300, Los Angeles, California 90025.

2.     NutriBullet, LLC is a limited liability company organized and existing under the laws of the state of California, having its principal place of business at 11601 Wilshire Boulevard, Suite 2300, Los Angeles, California 90025.

3.     Capbran Holdings, LLC licenses certain intellectual property rights to NutriBullet, LLC, including trademarks.  NutriBullet, LLC sells certain goods involving the intellectual property licenses licensed from Capbran Holdings, LLC.

4.     Upon information and belief, Glanbia PLC is a public limited company organized under the laws of Ireland with offices at Glanbia House, Kilkenny, Ireland. Upon information and belief, Glanbia PLC is engaged in the development, marketing, and sale of goods including dietary nutritional supplements in the state of California and the United States.

5.     Upon information and belief, Defendant Glanbia Nutritionals (Ireland) Limited (hereinafter "Glanbia Nutritionals") is a limited company organized under the laws of Ireland with offices at Glanbia House, Kilkenny, Ireland.   Upon information and belief, Glanbia Nutritionals is a subsidiary of Glanbia PLC.  Upon information and belief, Glanbia PLC is engaged in the development, marketing, and sale of goods including dietary nutritional supplements in the state of California and the United States.

6.     Upon information and belief, Defendant Glanbia Performance Nutrition Limited (hereinafter "Glanbia IE LLC") is a limited liability company organized

-1-

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

under the laws of Ireland with offices at Glanbia House, Kilkenny, Ireland.  Upon information and belief, Glanbia IE LLC is a subsidiary of Glanbia PLC.  Upon information and belief, Glanbia IE LLC is engaged in the development, marketing, and sale of goods including dietary nutritional supplements in the state of California and the United States.

7.       Upon information and belief, Defendant Glanbia Performance Nutrition (NA), Inc. (hereinafter "Glanbia NA") is a corporation organized under the laws of the state of Florida, having its principal place of business at 3500 Lacey Road, Suite 1200, Downers Grove, Illinois, 60515.  Upon information and belief, Glanbia NA is registered to conduct business with the California Secretary of State (File No. C3606905).  Upon information and belief, Glanbia NA is a subsidiary of Glanbia PLC.  Upon information and belief, Glanbia NA is engaged in the development, marketing, and sale of goods including dietary nutritional supplements in the state of California and the United States.

8.       Plaintiffs are informed and believe, and on that basis allege, that each Defendant is and/or was an agent, servant, principal, co-conspirator, employee, joint venturer, alter ego, and/or partner of each of the other Defendants, and in doing the things alleged was acting within the course and scope of said agency, conspiracy, employment, venture, and/or partnership.  Therefore, each Defendant will be collectively referred to herein as "Defendants".

## II. JURISDICTION AND VENUE:

9.       This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the laws of the United States concerning issues of trade dress and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).  This Court further has jurisdiction over state unfair competition claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.  The request for declaratory relief

-2-

is based on 28 U.S.C. §§ 2201(a) and 2202.

10.     This Court has personal jurisdiction over Glanbia PLC because, upon information and belief, Glanbia PLC conducts business in this district and has sold products to consumers within this district.

11.     This Court has personal jurisdiction over Glanbia Nutritionals because, upon information and belief, Glanbia Nutritionals conducts business in this district and has sold products to consumers within this district.

12.     This Court has personal jurisdiction over Glanbia IE LLC because, upon information and belief, Glanbia IE LLC conducts business in this district and has sold products to consumers within this district.

13.     This Court has personal jurisdiction over Glanbia NA because, upon information and belief, Glanbia NA conducts business in this district and has sold products to consumers within this district.

14.     Venue is proper within this jurisdiction pursuant to 28 U.S.C. §§ 1391(b)-(d) because, upon information and belief, Defendants are subject to personal jurisdiction in this judicial district and further because a substantial part of the events and activities giving rise to Plaintiffs' claims occurred in this judicial district.

### III.  GENERAL ALLEGATIONS:

15.     Plaintiffs are well-known for their highly successful family of products sold under the BULLET mark including, *inter alia,* MAGIC BULLET, BABY BULLET, PARTY BULLET, BULLET EXPRESS, MAGIC BULLET PLATINUM PRO, NUTRIBULLET, NUTRIBULLET SPORT, and NUTRIBULLET PRO.  The superior quality of the BULLET product line in combination with extensive marketing efforts has caused the BULLET products to become famous in the minds of relevant consumers.  Plaintiffs have spent several hundred million dollars in related advertising of the BULLET product line.

TROJAN LAW OFFICES
BEVERLY HILLS

-3-

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16.    Capbran Holdings, LLC is the owner of registered United States trademarks NUTRI BULLET, Registration No. 4,161,917, NUTRIBULLET, Registration No. 4,889,548, and NUTRIBULLET, a stylized word mark, Registration No. 4,316,614, in international class 007 for electronic appliances, namely, electronic food blenders.

17.    Plaintiffs also sell dietary nutritional supplements, dietary food supplements, dietary supplement drink mixes, protein dietary supplements, and vitamin supplements under the NUTRIBULLET housemark, including U.S. Registration No. 6,209,688, NUTRIBULLET, owned by Capbran Holdings, LLC.  Capbran Holdings, LLC also owns other registered trademarks for dietary food supplements and dietational and nutritional supplements, including NUTRIBULLET, U.S. Registration No. 5,068,743, and NUTRIBULLET LEAN BOOST, U.S. Registration No. 5,047,094.  Plaintiffs sell the aforementioned dietary nutritional supplement goods with the "NUTRIBULLET" housemark emboldened prominently on the front label.

18.    Attached hereto as **Exhibit 1** are true and correct copies of the registration certificates for Plaintiffs' aforementioned trademarks.

19.    Attached hereto as **Exhibit 2** are true and correct copies of trademark assignment cover sheets for recordation of the assignments to Capbran Holdings, LLC filed with the U.S. Patent and Trademark Office showing Capbran Holdings, LLC's ownership interest in Plaintiffs' aforementioned trademarks.

20.    On or about June 9, 2020, Defendants, though counsel, sent a cease and desist letter (hereinafter "June C&D Letter") to Plaintiffs regarding Defendants' purported trade dress for its dietary nutritional supplement goods and Defendants' allegations of Plaintiffs' infringement of the same.  Attached hereto as **Exhibit 3** is a true and correct copy of Defendants' June C&D Letter herein incorporated by reference.  At the outset of the June C&D Letter, Defendants stated:

TROJAN LAW OFFICES
BEVERLY HILLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This is to advise you that we represent Glanbia Performance Nutrition (NA), Inc. and Glanbia Nutritional (Ireland) Limited (collectively "GPN") in relation to the protection and enforcement of their intellectual property matters.

…

These products are sold using the inherently distinctive trade dress pictured below (the "Amazing Grass Trade Dress"):

 

The Amazing Grass Trade Dress includes the following distinctive elements: (i) a white cylindrical tub bearing (ii) a label with a rectangular front panel having a background of a single color; ([iii]) a house mark and product name at the top of the front panel in white lettering; ([iv]) a side panel on the label next to the front panel that features images of vegetables and fruit; and ([v]) a listing on the lower portion of the front panel of the specific ingredient and nutrition claim information for that specific product [(hereinafter "alleged trade dress")].

**Exh. 3** at 1-2.

21.    Defendants' June C&D Letter further alleged that Plaintiffs' packaging for Plaintiffs' dietary nutritional supplement goods infringed Defendants' alleged trade

dress:

> It has come to our attention that nutribullet, LLC and/or its affiliated entities ("Nutribullet") released new product packaging for its tubs of nutribullet® brand supplements (the "Infringing Products"). Examples of the labels of the Infringing Products are shown below alongside the Amazing Grass Trade Dress.

| THE INFRINGING PRODUCTS | THE AMAZING GRASS TRADE DRESS |
|---|---|
|  |  |

**Exh. 3** at 2.

22.     Defendants' June C&D Letter did not provide evidence that the alleged trade dress is distinctive or inherently distinctive.  Defendants' June C&D Letter did not provide evidence that the elements of the alleged trade dress are not commonly used and that these same elements not functional.  Defendants' June C&D Letter further did not state that the alleged trade dress is registered under U.S. Federal Trademark Registration.

23.     Upon information and belief, Defendants have no U.S. Federal Trademark Registration for the alleged trade dress.  Defendants are not entitled to the legal presumptions enjoyed by Federal Trademark Registration holders under 15 U.S.C. § 1057(b) including the presumption of ownership, constructive notice, validity of the rights, and the presumption of national exclusive rights for the goods and services

TROJAN LAW OFFICES
BEVERLY HILLS

listed in the registration.

24.     Defendants' alleged trade dress is a collection of generic and functional elements common for dietary nutritional supplement goods and their respective product packaging.  Defendants' alleged trade dress is not inherently distinctive, has not acquired distinctiveness, and cannot acquire distinctiveness because of its genericness and functionality.

25.     The first element of Defendants' alleged trade dress, "(i) a white cylindrical tub," is commonplace in the dietary nutritional supplement goods and powdered supplement goods market (hereinafter "the market").  A white cylindrical tub is not distinctive for dietary nutritional supplement goods and powdered supplement goods because, upon information and belief, numerous sellers within the market use white cylindrical tubs.  White cylindrical tubs are also functional in the context of dietary nutritional supplement goods and powdered supplement goods at least for means of storing and preserving said supplements.

26.     The second element of Defendants' alleged trade dress, "(ii) a label with a rectangular front panel having a background of a single color," is also commonplace within the market because, upon information and belief, numerous sellers use labels with a rectangular front panel having a background of a single color.

27.     Plaintiffs do not use a label with a rectangular front panel having a background of a single color for their dietary nutritional supplement goods product packaging. Plaintiffs' product packaging uses a label that wraps around the entire container and stops abruptly before reaching the front of the container with a gap left for an image of vegetables and fruit.  An example of Plaintiffs' product packaging is shown below.

-7-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

TROJAN LAW OFFICES
BEVERLY HILLS



17    28.    The third element of Defendants' alleged trade dress, "([iii]) a house mark and

18    product at the top of the front panel in white lettering," is also commonplace within

19    the market because, upon information and belief, numerous sellers use house marks

20    product name at the top of the front panel.

21    29.    Defendants also do not consistently use an alleged housemark with white

22    lettering consistent with their alleged trade dress elements.  Only one of the product

23    packaging labels demonstrated in Defendants' June C&D Letter used white lettering

24    for an alleged housemark of Defendants.

25    30.    Plaintiffs' use of their housemark, "NUTRIBULLET", dispels consumer

26    confusion because the use of a housemark reduces the likelihood of consumer

27    confusion.  The fame of the "NUTRIBULLET" housemark further dispels consumer

28

-8-

confusion.

31. The fourth element of Defendants' alleged trade dress, "([iv]) a side panel on the label next to the front panel that features images of vegetables and fruit," is also commonplace within the market. Upon information and belief, numerous sellers within the market use fruits and vegetables imagery as part of their product packaging. Fruits and vegetables are commonly displayed for supplements because they serve the function of identifying the ingredients in the supplements.

32. Unlike Defendants' alleged trade dress, which includes at least two flanking vertical panels of fruits and vegetables along the two side edges of the label, Plaintiffs' use a single vertical panel image separating the two ends of Plaintiffs' wraparound label.

33. The fifth element of Defendants' alleged trade dress, "([v]) a listing on the lower portion of the front panel of the specific ingredient and nutrition claim information for that specific product," is also commonplace within the market and purely functional. Upon information and belief, numerous sellers within the market list ingredients on the front of the label because consumers buy supplements based upon the content of the product. Such information is essential competitive information that consumers want to see on the front of the label. And the location of the label does not serve a source identifying function.

34. Thus, Defendants do not have a cognizable claim of ownership over the alleged trade dress because the alleged trade dress is nothing more than generic and functional elements common for dietary nutritional supplement goods and their product packaging.

35. Defendants' June C&D Letter further demanded that Plaintiffs cease production and sale of Plaintiffs' dietary nutritional supplement goods under the threat of litigation under the Lanham Act and federal and/or state law.

TROJAN LAW OFFICES
BEVERLY HILLS

-9-

Therefore, in order to avoid any marketplace confusion, we request that Nutribullet (and any and all related entities) immediately cease using the Infringing Packaging, or any other confusingly similar packaging, in connection with dietary and nutritional supplements or any related goods.

We request that S provide written assurances within ten (10) business days of the date of this letter that Nutribullet has:

(1) ceased offering products for sale using the Infringing Packaging, including but not limited to the Infringing Product as well as any other products utilizing packaging that is confusingly similar to the Amazing Grass Trade Dress;

(2) ceased, and instructed anyone acting on Nutribullet's behalf with respect to promotion or advertisement of the Infringing Product or related products to cease, utilizing any trade dress that is confusingly similar to the Amazing Grass Trade Dress in any manner that may cause confusion with our client or any of its brands or products (including recalling products from third parties where necessary);

(3) ceased, and instructed anyone acting on Nutribullet's behalf with respect to promotion or advertisement of your products to cease, using the Infringing Packaging in any manner that may cause confusion with our client's Amazing Grass Trade Dress; and

(4) advised us of the total revenue that Nutribullet has generated using the Infringing Packaging or any other packaging that is confusingly similar to our client's Amazing Grass Trade Dress.

While we hope that we can reach a resolution of this matter amicably, if we do not receive the foregoing written assurances within ten (10) business days of the date of this letter, our client is prepared to vigorously pursue any and all legal remedies available to it, including but not limited to, trade dress infringement and Federal unfair competition pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and any and all available remedies under federal and/or state unfair deceptive

-10-

1

2

                    trade practice acts or other state law remedies, including seeking
                     the recovery of costs and attorney's fees.

3

**Exh. 3** at 4.

4

36.    On or about July 14, 2020, Plaintiffs responded to Defendants' June C&D

5

Letter ("July Response Letter").  Attached hereto as **Exhibit 4** is a true and correct

6

copy of Plaintiffs' July Response Letter, which is herein incorporated by reference.

7

Plaintiffs disputed that Defendants' alleged trade dress was inherently distinctive, or

8

that the alleged trade dress had acquired distinctiveness.

9

37.    Plaintiffs' July Response Letter disputed "that the combination of the above

10

elements constitute a protectable trade dress because they are all functional elements

11

commonly used by many supplement brands, and Glanbia has failed to present a

12

scintilla of evidence that secondary meaning has attached to the combination." **Exh.**

13

**4** at 5.

14

38.    On or about September 30, 2020, Defendants sent a reply letter ("September

15

Reply Letter") in response to Plaintiffs' July Response Letter.  Attached hereto as

16

**Exhibit 5** is a true and correct copy of Defendants' September Reply Letter.  On or

17

about December 9, 2020, Plaintiffs provided Defendants with proposed revised

18

labeling.    On or about February 1, 2021, Defendants sent a follow-up letter

19

("February Follow-up Letter") in furtherance to their September Reply Letter.

20

Attached hereto as **Exhibit 6** is a true and correct copy of Defendants' February

21

Follow-up Letter.  Defendants stated in their February Follow-up Letter that they

22

believed that Plaintiffs' proposed revised labeling was "insufficient to avoid a

23

likelihood of confusion" with Defendants' alleged trade dress. **Exh. 6** at 1.

24

39.    Plaintiffs' packaging, labeling, and selling of their dietary nutritional

25

supplement goods are entirely lawful under the Lanham Act and do not infringe any

26

trademarks or trade dress under federal and/or state laws.  Moreover, Plaintiffs'

27

packaging, labeling, and selling of their dietary nutritional supplement goods do not

28

TROJAN LAW OFFICES
BEVERLY HILLS

-11-

TROJAN LAW OFFICES
BEVERLY HILLS

violate any federal and/or state unfair and deceptive practices acts and/or other federal and/or state law remedies, including any of those related to seeking the recovery of costs and attorneys' fees.

40.     Accordingly, an actual controversy exists between the parties by way of Defendants' threat of litigation and demand of Plaintiffs to cease and desist sales and commercial activities of Plaintiffs' dietary nutritional supplement goods within their respective packaging based on Defendants' alleged trade dress rights.  Plaintiffs seek a declaration from this Court that Plaintiffs are lawfully packaging, labeling, and selling their dietary nutritional supplement goods under the Lanham Act, and Plaintiffs do not infringe any of Defendants' alleged trademarks and/or trade dresses under federal and/or state laws.  Furthermore, Plaintiffs' seek a declaration from this Court that Plaintiffs' packaging, labeling, and selling of their dietary nutritional supplement goods do not violate any federal and/or state unfair and deceptive practices acts.

### IV.  FIRST CAUSE OF ACTION:
### DECLARATION OF NO OWNERSHIP OF TRADE DRESS
### (28 U.S.C. §§ 2201(a) and 2202)

41.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 40 above as though fully set forth herein.

42.     This is a declaratory judgment action with claims based in the Lanham Act. An actual and judiciable controversy exists by way of Defendants' threat of litigation against Plaintiffs and Defendants' demands against Plaintiffs to cease and desist sale of Plaintiffs' goods and use of Plaintiffs' packaging and labeling.

43.     Plaintiffs request a judgment declaring that Defendants' have no ownership over the alleged trade dress, including that said alleged trade dress is generic, is not inherently distinctive, has not acquired secondary meaning inuring to the benefit of Defendants, is functional, and/or otherwise lacks the requisite requirements to be

enforceable.

## V.  SECOND CAUSE OF ACTION:
## DECLARATION OF NO INFRINGEMENT OF TRADE DRESS
## (28 U.S.C. §§ 2201(a) and 2202)

44.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 43 above as though fully set forth herein.

45.     This is a declaratory judgment action with claims based in the Lanham Act. An actual and judiciable controversy exists by way of Defendants' threat of litigation against Plaintiffs and Defendants' demands against Plaintiffs to cease and desist sale of Plaintiffs' goods and use of Plaintiffs' packaging and labeling.

46.     Plaintiffs' product packaging is not sufficiently similar in appearance to Defendants' alleged trade dress as to be likely to cause consume confusion, mistake, or deception as to the source of Plaintiffs' goods and/or an affiliation between those goods and Defendants.

47.     Plaintiffs' packaging is very different from Defendants' alleged trade dress, including but not limited to Plaintiffs' label not being rectangular as claimed by Defendants, Plaintiffs' prominently labeled housemark that is both federally registered and famous, and Plaintiffs' use of a single vertical panel image of fruits and vegetables.

48.     Defendants' alleged trade dress comprises elements that are common in the field of dietary nutritional supplement goods because various third parties use such elements for their packaging; hence, no reasonable consumer would associate Plaintiffs with Defendants.

49.     Plaintiffs' use of its product packaging does not violate any trade dress rights of Defendants, including the alleged trade dress.

50.     The threats by Defendants are unreasonable and made in bad faith, making this case exceptional, and Plaintiffs are entitled to recover their reasonable attorneys' fees

1    pursuant to 15 U.S.C. § 1117(a).

2                    **VI.  THIRD CAUSE OF ACTION:**
3    **DECLARATION OF NO VIOLATION OF UNFAIR COMPETITION**
                    **UNDER THE LANHAM ACT**
4
                    **(28 U.S.C. §§ 2201(a) and 2202)**
5

6    51.    Plaintiffs incorporate by reference each and every allegation contained in

7    paragraphs 1 through 50 above as though fully set forth herein.

8    52.    This is a declaratory judgment action with claims based in the Lanham Act.

9    An actual and judiciable controversy exists by way of Defendants' threat of litigation

10   against Plaintiffs and Defendants' demands against Plaintiffs to cease and desist sale

11   of Plaintiffs' goods and use of Plaintiffs' packaging and labeling.

12   53.    Plaintiffs' packaging is not unlawful, unfair, or fraudulent under 35 U.S.C. §

13   1125(a) because it is not sufficiently similar in appearance to Defendants' alleged

14   trade dress as to be likely to cause consumer confusion, mistake, or deception as to

15   the source of Plaintiffs' goods and/or an affiliation between Plaintiffs' goods and

16   Defendants.

17   54.    Plaintiffs' activities and business practices as described do not violate 35

18   U.S.C. § 1125(a) for unfair and deceptive practices.

                    **VII.  FOURTH CAUSE OF ACTION:**
19
     **DECLARATION OF NO VIOLATION OF UNFAIR COMPETITION**
20               **UNDER CAL. BUS. & PROF. CODE § 17200**

21                  **(28 U.S.C. §§ 2201(a) and 2202)**

22   55.    Plaintiffs incorporate by reference each and every allegation contained in

23   paragraphs 1 through 54 above as though fully set forth herein.

24   56.    This is a declaratory judgment action with claims based in California unfair

25   competition law.  An actual and judiciable controversy exists by way of Defendants'

26   threat of litigation against Plaintiffs and Defendants' demands against Plaintiffs to

27   cease and desist sale of Plaintiffs' goods and use of Plaintiffs' packaging and

28                                      -14-

TROJAN LAW OFFICES
BEVERLY HILLS

labeling.

57.     Plaintiffs' packaging is not unlawful, unfair, or fraudulent under Cal. Bus. & Prof. Code § 17200 because it is not sufficiently similar in appearance to Defendants' alleged trade dress as to be likely to cause consumer confusion, mistake, or deception as to the source of Plaintiffs' goods and/or an affiliation between Plaintiffs' goods and Defendants.

58.     Plaintiffs' activities and business practices as described do not violate Cal. Bus. & Prof. Code § 17200 for unfair and deceptive practices.

## VIII.  DEMAND FOR JURY TRIAL:

59.     Plaintiffs hereby exercises their right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demand a jury trial in accordance therewith.

## IX. PRAYER OF RELIEF:

WHEREFORE, Plaintiffs pray for declaratory judgment in their favor on all claims for relief and for an order as follows:

1.     That Defendants do not have the alleged trade dress rights;

2.     That Defendants' alleged trade dress rights are unenforceable;

3.     That Plaintiffs' use of their product packaging for their dietary nutritional supplement goods does not infringe any trade dress rights of Defendants;

4.     That Plaintiffs' activities described herein do not violate 35 U.S.C. § 1125(a);

5.     That Plaintiffs' activities described herein do not violate Cal. Bus. & Prof. Code. § 17200;

6.     That threats made by Defendants to sue Plaintiffs for trade dress infringement and unfair competition were unreasonable and made in bad faith, making this case exceptional, and that Plaintiffs are entitled to an award of their costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

TROJAN LAW OFFICES
BEVERLY HILLS

-15-

7.      That Defendants are permanently enjoined from asserting that Plaintiffs' use of Plaintiffs' product packaging for Plaintiffs' dietary nutritional supplement goods infringes any trade dress rights of Defendants; and

8.      Any and all other relief the Court deems just, equitable, and appropriate.

Respectfully submitted,

TROJAN LAW OFFICES
by

February 16, 2021                    /s/R. Joseph Trojan
                                     R. Joseph Trojan
                                     Attorneys for Plaintiffs Capbran
                                     Holdings, LLC and NutriBullet, LLC

TROJAN LAW OFFICES
BEVERLY HILLS

-16-