# EXHIBIT 6



Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore

vedderprice.com

**Angelo J. Bufalino**
Shareholder, Intellectual Property Group
+1 312 609 7850
abufalino@vedderprice.com

February 1, 2021

**VIA E-MAIL**

R. Joseph Trojan
Trojan Law Offices
Rexford Plaza
9250 Wilshire Boulevard, Suite 325
Beverly Hills, CA  90212
trojan@patentrademark.com

Re:   Trade Dress Infringement - nutribullet, Our File No. 51003.01.0018

Dear Mr. Trojan:

This letter is further to our written correspondence of September 30, 2020 and our subsequent emails and telephone conversations regarding the packaging Your Client has adopted for its Infringing Products.  Our client has reviewed the revised labels you provided on December 9, 2020 for Your Client's tubs of nutribullet® brand supplements (the "Revised Packaging") and believes that the changes Your Client is planning to make to the current packaging of the Infringing Products are insufficient to avoid a likelihood of confusion with our client's well-known Amazing Grass Trade Dress.  Examples of the Amazing Grass Trade Dress, Your Client's current packaging for the Infringing Products, and the Revised Packaging are provided below for your reference:

222 North LaSalle Street  |  Chicago, Illinois 60601  |  T +1 312 609 7500  |  F +1 312 609 5005

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

VP/#41840973

R. Joseph Trojan
February 1, 2021
Page 2



| NUTRIBULLET'S CURRENT PACKAGING | AMAZING GRASS TRADE DRESS | NUTRIBULLET'S REVISED PACKAGING |
|---|---|---|
| [nutribullet immune defense] | [Amazing Grass Green Superfood Immunity] | [nutribullet SUPERBOOSTS immunity label] |
| [nutribullet plant-based protein] | [Amazing Grass Amazing Protein GLOW Vanilla Honeysuckle] | *Per our correspondence of December 10, 2020, please either provide a sample of this packaging or confirm that this product has been discontinued.* |
| [nutribullet essential greens] | [Amazing Grass Amazing Protein GLOW Unflavored] | [nutribullet EVERYDAY SUPERFOODS greens label] |

VP/#41840973

R. Joseph Trojan
February 1, 2021
Page 3



| NUTRIBULLET'S CURRENT PACKAGING | AMAZING GRASS TRADE DRESS | NUTRIBULLET'S REVISED PACKAGING |

Viewed as a whole from the perspective of an ordinary consumer (as is required in determining trade dress infringement),[1] the Revised Packaging clearly still creates an overall commercially impression that is confusingly similar to that of our client's Amazing Grass Trade Dress. Troublingly, in response to our client's concerns, Your Client has presented nothing more than unsupported, conclusory assertions that differences exist coupled with material misstatements of law before now making insignificant changes to its packaging that do little (if anything) to differentiate the Infringing Products from those of our client.

In order to avoid confusion in the marketplace, we request that you provide written assurances within ten (10) business days of the date of this letter that nutribullet has:

---

[1] *See, e.g., Chesebrough Mfg. Co. v. Old Gold Chemical Co.*, 70 F.2d 383, 384 (C.C.A. 6th Cir. 1934), *cert. denied*, 293 U.S. 599 (1934) ("Simulation amounting to unfair competition does not reside in identity of single features of dress or markings nor in indistinguishability when the articles are set side by side, but is to be tested by the general impression made by the offending article upon the eye of the ordinary purchaser or user."); *see also Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001) ("[I]t is crucial that we focus not on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create. Trade dress is the composite tapestry of visual effects.")

R. Joseph Trojan
February 1, 2021
Page 4

    (1)    ceased offering products for sale using any packaging that is confusingly similar to the Amazing Grass Trade Dress, including <u>both</u> its original Infringing Packaging and the Revised Packaging;

    (2)    ceased, and instructed anyone acting on nutribullet's behalf with respect to promotion or advertisement of the Infringing Product or related products to cease, utilizing any trade dress that is confusingly similar to the Amazing Grass Trade Dress in any manner that may cause confusion with our client or any of its brands or products (including recalling products from third parties where necessary);

    (3)    ceased, and instructed anyone acting on nutribullet's behalf with respect to promotion or advertisement of your products to cease, using the Infringing Packaging and the Revised Packaging in any manner that may cause confusion with our client's Amazing Grass Trade Dress; and

    (4)    advised us of the total revenue that nutribullet has generated using the Infringing Packaging, the Revised Packaging, and any other packaging that is confusingly similar to our client's Amazing Grass Trade Dress.

While our client remains willing to vigorously pursue its claims in order to protect its valuable trade dress rights and avoid customer confusion, we believe it remains possible for the parties to reach an amicable resolution by which nutribullet revises its packaging going forward so as to remove the clear and obvious similarities with the Amazing Grass Trade Dress.

We look forward to your immediate written response.  This correspondence is without prejudice to the rights and remedies of Glanbia, all of which are expressly reserved.

                                                                         Very truly yours,

                                                                         Angelo J. Bufalino

AJB/jkb

VP/#41840973